1  KRYSTA KAUBLE PACHMAN (280951)
   kpachman@susmangodfrey.com
2  **SUSMAN GODFREY L.L.P.**
   1900 Avenue of the Stars, Suite 1400
3  Los Angeles, California 90067-6029
   Telephone: (310) 789-3100
4
5  SHAWN J. RABIN (*pro hac vice forthcoming*)
   srabin@susmangodfrey.com
6  **SUSMAN GODFREY L.L.P.**
   One Manhattan West, 50th Floor
7  New York, New York 10001
   Telephone: (212) 336-8830
8  *(Additional counsel on signature page)*

9  Attorneys for Plaintiffs
   MEGAN TRAMA, MATTHEW HARTZ,
10 RAFAEL ROBLES, and EVAN NELSON

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14              **WESTERN DIVISION**

15

16 | MEGAN TRAMA, MATTHEW | Case No. 2:24-cv-3174
   | HARTZ, RAFAEL ROBLES, and EVAN |
17 | NELSON on behalf of themselves and all | **CLASS ACTION**
   | others similarly situated, |
18 | | **COMPLAINT**
   |               Plaintiffs, |
19 |     v. | **JURY TRIAL DEMANDED**
20 | RELX PLC, RELX GROUP PLC, RELX |
   | (HOLDINGS) LIMITED, RELX |
21 | OVERSEAS HOLDINGS LIMITED, |
   | RELX INC., LEXISNEXIS RISK |
22 | HOLDINGS INC., LEXISNEXIS RISK |
   | SOLUTIONS INC., and LEXISNEXIS |
23 | RISK SOLUTIONS FL INC., |
24 |               Defendants. |

25

26

27

28

COMPLAINT

## CLASS ACTION COMPLAINT

Plaintiffs Megan Trama, Matthew Hartz, Rafael Robles, and Evan Nelson (collectively, "Plaintiffs"), individually and on behalf of the proposed Class defined below, bring this action against Defendants RELX PLC, RELX GROUP PLC, RELX (Holdings) Limited, RELX Overseas Holdings Limited, RELX Inc., LexisNexis Risk Holdings Inc., LexisNexis Risk Solutions Inc., and LexisNexis Risk Solutions FL Inc. (collectively, "Defendants"), and allege as follows:

## I. NATURE OF THE ACTION

1.     Defendants have built a billion-dollar business that, among other things, collects, indexes, and sells the personally identifiable information of millions of Americans, disclosing that personally identifiable information to customers through subscription-based services such as Nexis Diligence, Nexis Diligence+, Public Records, and Accurint (collectively, "Lexis Personal Records Products").

2.     Defendants do more, though, to turn a profit.  Defendants capitalize on their trove of personally identifiable information of millions of Americans to advertise their Lexis Personal Records Products.  As an advertising tool, Defendants offer a 7-day free trial of their Lexis Personal Records Products and provide anyone who signs up for the 7-day free trial unfettered access to search and review any and all of the personally identifiable information in the Defendants' vast database of personal data.  Defendants do not have authorization to use the various collections of

personally identifiable information that Defendants maintain on millions of Americans as advertisements for their Lexis Personal Records Products.

3.      This blatant and unauthorized use of personally identifiable information of Plaintiffs and those who are similarly situated includes, but is not limited to, full names, addresses, phone numbers, occupations, employers, social media accounts, and personal property.  And the use of this information to advertise Lexis Personal Records Products runs afoul of the well-established right of privacy of at least the residents of California and Illinois.  This case is about upholding the rights of the millions of Americans whose personally identifiable information Defendants have transformed into advertisements and whose privacy they have disregarded, all to turn a profit.

## II. JURISDICTION AND VENUE

4.      This Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332, because this is a proposed class action in which: (1) there are at least 100 class members; (2) the combined claims of class members exceed $5,000,000, exclusive of interest, attorneys' fees, and costs; and (3) Defendants and one or more class members are citizens of different states.

5.      The Court has personal jurisdiction over Defendants because they operate multiple offices in California, including an office at 555 W 5th St., Los Angeles, CA 90013, and they have sufficient minimum contacts in California to render the exercise of jurisdiction by this Court proper and necessary.

6.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and under 28 U.S.C. § 1391(a)(1) because Defendants conduct substantial business in this District.

## III. THE PARTIES

7.    Plaintiff Megan Trama is a resident of San Pedro, California.

8.    Plaintiff Matthew Hartz is a resident of Chicago, Illinois.

9.    Plaintiff Rafael Robles is a resident of West Chicago, Illinois.

10.    Plaintiff Evan Nelson is a resident of Batavia, Illinois.

11.    Defendant RELX PLC is a company incorporated in England and Wales with its principal place of business at 1-3 Strand, London, WC2N 5JR United Kingdom. RELX PLC is the ultimate parent and controlling company of RELX GROUP PLC, RELX (Holdings) Limited, RELX Overseas Holdings Limited, RELX Inc., LexisNexis Risk Holdings Inc., LexisNexis Risk Solutions Inc., and LexisNexis Risk Solutions FL Inc.

12.    RELX GROUP PLC is a company incorporated in England and Wales with its principal place of business at 1-3 Strand, London, WC2N 5JR United Kingdom. RELX GROUP PLC is a wholly owned subsidiary of RELX PLC.

13.    Defendant RELX (Holdings) Limited is a company incorporated in England and Wales with its principal place of business at 1-3 Strand, London, WC2N

5JR United Kingdom. RELX (Holdings) Limited is a wholly owned subsidiary of RELX GROUP PLC.

14.     Defendant RELX Overseas Holdings Limited is a company incorporated in England and Wales with its principal place of business at 1-3 Strand, London, WC2N 5JR United Kingdom.  RELX Overseas Holding Limited is a wholly owned subsidiary of RELX (Holdings) Limited.

15.     Defendant RELX Inc. is a Delaware corporation with its principal place of business at 230 Park Avenue, New York, New York 10169.  RELX Inc. is a wholly owned subsidiary of RELX Overseas Holding Limited.

16.     Defendant LexisNexis Risk Holdings Inc. is a Delaware corporation with its principal place of business at 1105 North Market St., Suite 501, Wilmington, DE, 19801, USA.  LexisNexis Risk Holdings Inc. is a wholly owned subsidiary of RELX PLC.

17.     Defendant LexisNexis Risk Solutions Inc. is a Georgia corporation with its principal place of business at 1105 North Market St., Suite 501, Wilmington, DE, 19801, USA.  Lexis Nexis Risk Solutions Inc. is a wholly owned subsidiary of RELX PLC.

18.     Defendant LexisNexis Risk Solutions FL Inc. is a Minnesota corporation with its principal place of business at 1105 North Market St., Suite 501, Wilmington, DE, 19801, USA.  LexisNexis Risk Solutions FL Inc. is a wholly owned subsidiary of RELX PLC.

## IV. FACTUAL ALLEGATIONS

19.    RELX PLC is a multi-billion dollar global provider of information-based analytics for legal professionals and business customers.  LexisNexis is a division of RELX PLC that is wholly owned and controlled by RELX PLC through a chain of its international shell companies and subsidiaries, including RELX GROUP PLC, RELX (Holdings) Limited, RELX Overseas Holdings Limited, and RELX Inc.

20.    LexisNexis collects and aggregates the private and personal data of hundreds of millions of individuals into searchable and detailed results and reports. It amasses this personal data in one of the world's largest electronic databases, with more than 84 billion records from over 100,000 diverse sources.  LexisNexis' sources include 77 million business contact records, 330 million unique cell phone numbers, 11.3 billion unique name and address combinations, 6.6 billion motor vehicle registrations, and 6.5 billion personal property records.

21.    LexisNexis cashes in on this massive database of personal and sensitive data by selling exhaustive records on millions of individuals through subscriptions to its Lexis Personal Records Products.  Upon information and belief, hundreds of thousands of entities, including law firms, businesses, and government agencies, subscribe to one or more Lexis Personal Records Products.

22.    To entice new customers to purchase a subscription to one or more of these Lexis Personal Records Products, LexisNexis offers prospective customers a 7-

day free trial for each of these Lexis Personal Records Products. When signing up for a free trial, users are required to provide their full name, organization, business email, and business phone number. During the 7-day free trial, a prospective customer is provided with access to all records that are accessible through a paid subscription to that Lexis Personal Records Product. As a result, the extensive collections of personally identifiable information, such as names, addresses, phone numbers, and personal property, that are accessible, searched for, and/or reviewed in the free trial of a Lexis Personal Records Product are transformed into advertisements for that Lexis Personal Records Product.



23.    The free trials for each of these Lexis Personal Records Products operate in substantially the same manner. The LexisNexis websites contain advertisements that invite prospective customers to sign up for a 7-day free trial for one or more of the Lexis Personal Records Products. Once a prospective customer signs up for the

free trial to any Lexis Personal Records Product, that prospective customer can access, search, and/or review all the sensitive and personally identifiable information that is available to a subscriber of that Lexis Personal Records Product.

24.    Prospective customers can then search for an individual's personally identifiable information by inputting that individual's name or other identifying information into the search bar of the Lexis Personal Records Product.



25.    After prospective customers define their search, they are provided with extensive records and results of personally identifiable information.  Some of this personally identifiable information is potentially damaging, such as "Negative News," "Sanctions & Watchlists," "Legal Sources," and whether the subject falls into the category of "Politically Exposed Persons."



26.     The search results in each of the Lexis Personal Records Products often contain personal information about numerous individuals, such as the individuals' dates of birth, addresses, phone numbers, emails, employment histories, social media accounts, educational backgrounds, relatives, criminal records, and personal property, all of which is personal information that uniquely identifies these individuals.

27.     The 7-day free trial allows access to the Lexis Personal Records Products' entire collection of personally identifiable records for the specific purpose of enticing the prospective customer to purchase a paid subscription to that Lexis Personal Records Product.

28.     During the free trial, upon information and belief, Defendants send prospective customers special offers, discounts, and promotions for their subscriptions.   Defendants also send video tutorials via email to prospective customers on how to "to maximize [the user's] trial" by performing searches for individuals and generating reports with personally identifiable information.

Defendants further encourage prospective customers to perform searches for personally identifiable information by stating, "Happy Searching!"

29.    Upon information and belief, Defendants further encourage prospective customers to "Continue the Fun!" as their free trials expire by setting up calls to discuss the Lexis Personal Records Product.



30.    Upon information and belief, Defendants do not host user-generated content on Lexis Personal Records Products.

31.    The presence of each and every personally identifiable record or result that is accessible—whether or not it is specifically searched for, and/or viewed—during the 7-day free trial adds to the value of the trial as an advertisement and to the perceived value of Lexis Personal Records Products by demonstrating the breadth of sensitive personal information available to users should they purchase a subscription.

32.    Thus, the collections of records containing personally identifiable information that are accessible, searched for, and/or reviewed during the 7-day free trial, as well as the discrete search results and reports containing personally identifiable information, are the advertisements for Lexis Personal Records Products.

33.     Plaintiff Megan Trama has no relationship with Defendants.  She has never subscribed to or otherwise accessed any Lexis Personal Records Products.  Ms. Trama did not give consent to Defendants to use her name, likeness, personal information, persona, or identity in any way.  Had Defendants requested her consent, Ms. Trama would not have provided it.

34.     Defendants use Ms. Trama's name and identity in advertisements promoting paid subscriptions for Lexis Personal Records Products.  Specifically, Defendants include Ms. Trama's personally identifiable information in their collections of sensitive personal records that are accessible by anyone who signs up for a 7-day free trial of a Lexis Personal Records Product, which serves as advertisement for a subscription to Lexis Personal Records Products. Upon information and belief, Ms. Trama's personally identifiable information is accessible to and has been searched for and/or reviewed by prospective customers using the 7-day free trial of Lexis Personal Records Products.

**Trama, Meg**

Zoom People Information 2023-04-05

**Career Information**

********* CAREER INFORMATION *********

EMPLOYMENT HISTORY:

03/31/2022

Territory Manager,

Bausch Health

01/31/2020 to 03/31/2022

Dentalist,

Voco (Past)

06/30/2019 to 01/31/2020

Territory Manager,

ConvaTec (Past)

06/30/2019 to 01/31/2020

Territory Manager,

The Infosoft Group (Past)

12/31/2017 to 05/31/2019

District Sales Manager,

Wellspect HealthCare (Past)

10/31/2012 to 01/31/2018

Territory Sales Manager,

SDI (Past)

04/30/2011 to 10/31/2012

Territory Representative,

Benco Dental (Past)

ADDITIONAL INFORMATION:

35. Moreover, upon information and belief, Defendants display Ms. Trama's personally identifiable information in search results for Ms. Trama and/or other individuals, which further serves as advertisement for a subscription to Lexis Personal Records Products. These search results uniquely identify Ms. Trama by disclosing and displaying her first and last name, phone number, and occupation. For privacy, Plaintiffs have obscured Ms. Trama's emails, LinkedIn address, and personal cellphone, which appear unredacted on the original webpage.

1
2
3
4
5
6
7
8
9
10
11
12

**Trama, Meg**

Salutary Data 2024-03-24

**Career Information**

COMPANY: Bausch Health Companies Inc.
JOB TITLE: Territory Manager
JOB LEVEL: Manager
JOB FUNCTION: Sales and Support
COMPANY ADDRESS:
Address: 1 Enterprise, Aliso Viejo, CA 92656
SIC: 2834 - Pharmaceutical preparations
NAICS: 325414 - Biological Product (except Diagnostic) Manufacturing
REVENUE: $100M to <$1B
EMPLOYEES: 5000+
TELEPHONE: (949) 461-6000
URL: www.bauschhealth.com
WORK E-MAIL:
LINKED IN:
CELLPHONE:
Occupation: Territory Manager
Email:
Phone:
Phone: (949) 461-6000
Url: www.bauschhealth.com

13      36.     Further, Ms. Trama's personally identifiable information is accessible

14   through Public Records, which is included in the free trial.   Participants in

15   Defendants' free trial can generate a SmartLinx® Person Report for Ms. Trama.  For

16

17   privacy, Plaintiffs have redacted Ms. Trama's date of birth and age, which appear

18   unredacted on the original webpage.

19
20
21
22
23
24
25



26      37.     Ms. Trama's SmartLinx® Person Report uniquely identifies Ms. Trama

27   by providing private, personally identifiable information, such as her full name,

28

residential address, personal phone number, social security number, personal emails, property, former names, and date of birth. For privacy, Plaintiffs have redacted Ms. Trama's residential address, name variations, and social security number, which are unredacted on the original webpage.



38.    Ms. Trama does not know how Defendants obtained her name and personal information.   On information and belief, Defendants did not obtain permission from or through any of the sources from which it extracted Ms. Trama's personal information.

39.    Ms. Trama has intellectual property and privacy interests in her name, likeness, and identity recognized by California statutory and common law.  She has

the right to exclude anyone from making commercial use of her identity without her permission.

40. Further, while Ms. Trama may have shared her personally identifiable information with other entities or with the government in other contexts, she did not consent to the commercial use of her personal information and identity to promote any subscriptions to Lexis Personal Records Products.

41. Ms. Trama's personally identifiable information has commercial value. This commercial value is demonstrated by the exploitation of her personally identifiable information for advertisements by Defendants.

42. Defendants have injured Ms. Trama by taking her intellectual property without compensation; by invading her privacy rights protected by statute and common law; and by unlawfully profiting from its exploitation of her personal information.

43. Defendants' illegal actions have caused Ms. Trama mental injury and disturbed her peace of mind. Ms. Trama believes her identity is rightly hers to control. Defendants' illegal use has left her worried and uncertain about her inability to control how her name and identity are used. Ms. Trama feels that Defendants' use of her personal information is an invasion of her privacy.

44. Plaintiff Matthew Hartz has no relationship with Defendants. He has never subscribed to or accessed any Lexis Personal Records Products. Mr. Hartz did not give consent to Defendants to use his name, likeness, personal information,

persona, or identity in any way.  Had Defendants requested his consent, Mr. Hartz would not have provided it.

45.     Defendants use Mr. Hartz's name and identity in advertisements promoting paid subscriptions for Lexis Personal Records Products.  Specifically, Defendants include Mr. Hartz's personally identifiable information in their collections of sensitive personal records that are accessible by anyone who signs up for a 7-day free trial of a Lexis Personal Records Product, which serves as advertisement for a subscription to Lexis Personal Records Products.  Upon information and belief, Mr. Hartz's personally identifiable information is accessible to and has been searched for and reviewed by prospective customers using the 7-day free trial of Lexis Personal Records Products.



46.     Moreover, upon information and belief, Defendants display Mr. Hartz's personally identifiable information in search results for Mr. Hartz and other individuals, which further serves as advertisement for a subscription to Lexis Personal Records Products.  These search results uniquely identify Mr. Hartz by

15

COMPLAINT

disclosing and displaying his first and last name, phone number, and occupation. For privacy, Plaintiffs have obscured Mr. Hartz's emails, LinkedIn address, and personal cellphone, which appear unredacted on the original webpage.



**Hartz, Matthew**

Salutary Data 2024-02-16

**Career Information**

COMPANY: Cibc Us
JOB TITLE: Managing Director Strategic Initiatives
JOB LEVEL: Director
JOB FUNCTION: Marketing and Product
COMPANY ADDRESS:
Address: 120 south lasalle, chicago, IL
REVENUE: $1B+
EMPLOYEES: 5000+
WORK E-MAIL: ▮▮▮▮▮
LINKED IN: ▮▮▮▮▮▮▮▮▮
CELLPHONE: ▮▮▮▮
Occupation: Managing Director Strategic Initiatives
Email: ▮▮▮▮

47. Further, Mr. Hartz's personally identifiable information is accessible through LexisNexis Public Records, which is included in the free trial. Through LexisNexis Public Records, participants in Defendants' free trial can generate a SmartLinx® Person Report for Mr. Hartz, which includes personal information that uniquely identifies him, such as his full name, residential address, personal phone number, partial social security number, personal emails, and date of birth.

48. Mr. Hartz does not know how Defendants obtained his name and personal information. On information and belief, Defendants did not obtain permission from or through any of the sources from which it extracted Mr. Hartz's personal information.

49.     Further, while Mr. Hartz may have shared his personally identifiable information with other entities or with the government in other contexts, he did not consent to the commercial use of his personal information and identity to promote subscriptions to Lexis Personal Records Products.

50.     Mr. Hartz has intellectual property and privacy interests in his name, likeness, and identity recognized by Illinois statutory and common law.  He has the right to exclude anyone from making commercial use of his identity without his permission.

51.     Mr. Hartz's personally identifiable information has commercial value. This commercial value is demonstrated by the exploitation of his personally identifiable information for advertisements by Defendants.

52.     Defendants have injured Mr. Hartz by taking his intellectual property without compensation; by invading his privacy rights protected by statute and common law; and by unlawfully profiting from its exploitation of his personal information.

53.     Defendants' illegal actions have caused Mr. Hartz mental injury and disturbed his peace of mind. Mr. Hartz believes his identity is rightly his to control. Defendants' illegal use has left him worried and uncertain about his inability to control how his name and identity is used.  Mr. Hartz feels that Defendants' use of his personal information is an invasion of his privacy.

54.     Plaintiff Rafael Robles has no relationship with Defendants.   He has never subscribed to any Lexis Personal Records Products.   Mr. Robles did not give consent to Defendants to use his name, likeness, personal information, persona, or identity in any way.   Had Defendants requested his consent, Mr. Robles would not have provided it.

55.     Defendants use Mr. Robles' name and identity in advertisements promoting paid subscriptions for Lexis Personal Records Products. Specifically, Defendants include Mr. Robles' personally identifiable information in their collections of sensitive personal records that are accessible by anyone who signs up for a 7-day free trial of a Lexis Personal Records Product, which serves as advertisement for a subscription to Lexis Personal Records Products. Upon information and belief, Mr. Robles' personally identifiable information is accessible to and has been searched for and reviewed by prospective customers using the 7-day free trial of Lexis Personal Records Products.



56.     Moreover, upon information and belief, Defendants display Mr. Robles'

personally identifiable information in search results for Mr. Robles and other

individuals, which further serves as advertisement for a subscription to Lexis

Personal Records Products.  These search results uniquely identify Mr. Robles by

disclosing and displaying his first and last name and occupation.

---

### Robles, Rafael

Professional Contacts 2024-02-14

Address: DuPage

**Career Information**

_____

* * * * * * * * * CAREER * * * * * * * * *

COMPANY: Enz (u.s.a.) Inc.

JOB-TITLE: Inside Sales Executive

COMPANY ADDRESS:

Address: 1585 Beverly Ct Ste 115, Aurora, IL 60502-8731, US, DuPage

MSA: 1600

COUNTY: DuPage

URL: www.enz.com

INDUSTRY-TYPE: Pipe cleaners;

Occupation: Inside Sales Executive

Address: 1585 Beverly Ct Ste 115, Aurora, Illinois, 60502-8731

Country: US

Company: Enz (u.s.a.) Inc.

---

57.     Further, Mr. Robles' personally identifiable information is accessible

through Public Records, which is included in the free trial.  Participants in

Defendants' free trial can generate a SmartLinx® Person Report for Mr. Robles. For

privacy, Plaintiffs have redacted Mr. Robles' birthday, age, and personal addresses,

which appear unredacted on the original webpage.



58.    A SmartLinx® Person Report uniquely identifies Mr. Robles by providing private, personally identifiable information, such as his full name, residential address, personal phone number, partial social security number, personal emails, height, legal history, and date of birth. For privacy, Plaintiffs have redacted Mr. Robles' personal address, partial social security number, and date of birth, which appear unredacted on the original webpage.



59.    Mr. Robles does not know how Defendants obtained his name and personal information.    On information and belief, Defendants did not obtain permission from or through any of the sources from which it extracted Mr. Robles' personal information.

60.     Further, while Mr. Robles may have shared his personally identifiable information with other entities or with the government in other contexts, he did not consent to the commercial use of his personal information and identity to promote any subscriptions to Lexis Personal Records Products.

61.     Mr. Robles has intellectual property and privacy interests in his name, likeness, and identity recognized by Illinois statutory and common law.  He has the right to exclude anyone from making commercial use of his identity without his permission.

62.     Mr. Robles' personally identifiable information has commercial value. This commercial value is demonstrated by the exploitation of his personally identifiable information for advertisements by Defendants.

63.     Defendants have injured Mr. Robles by taking his intellectual property without compensation; by invading his privacy rights protected by statute and common law; and by unlawfully profiting from its exploitation of his personal information.

64.     Defendants' illegal actions have caused Mr. Robles mental injury and disturbed his peace of mind. Mr. Robles believes his identity is rightly his to control. Defendants' illegal use has left him worried and uncertain about his inability to control how his name and identity are used. Mr. Robles feels that Defendants' use of his personal information is an invasion of his privacy.

65.   Plaintiff Evan Nelson has no relationship with Defendants.   He has never subscribed to any Lexis Personal Records Products.   Mr. Nelson did not give consent to Defendants to use his name, likeness, personal information, persona, or identity in any way.   Had Defendants requested his consent, Mr. Nelson would not have provided it.

66.   Defendants use Mr. Nelson's name and identity in advertisements promoting paid subscriptions for Lexis Personal Records Products.   Specifically, Defendants include Mr. Nelson's personally identifiable information in their collections of sensitive personal records that are accessible by anyone who signs up for a 7-day free trial of a Lexis Personal Records Product, which serves as advertisement for a subscription to that Lexis Personal Records Product.   Upon information and belief, Mr. Nelson's personally identifiable information is accessible to and has been searched for and reviewed by prospective customers using the 7-day free trial of Lexis Personal Records Products.

67.   Mr. Nelson's personally identifiable information is accessible through Public Records, which is included in the free trial. Participants in Defendants' free trial can generate a SmartLinx® Person Report for Mr. Nelson. For privacy, Plaintiffs have redacted Mr. Nelson's personal address, which is unredacted on the original webpage.

1
2
3
4
5
6

**SmartLinx® Person Report**
Report Created: 3-29-2024 8:09 PM EST | FOR INFORMATIONAL PURPOSES ONLY | Copyright © 2024 LexisNexis, All rights reserved.

**■ Person Summary**

| Name | Address |
|------|---------|
| Nelson, Evan Thomas 2 | ████████ (Residential) |

| LexID(sm) | SSN |
|-----------|-----|
| 1933-9842-3484 | |

7
8
9
10

68.     A SmartLinx® Person Report uniquely identifies Mr. Nelson by providing private, personally identifiable information, such as his full name, residential address, personal phone number, legal record, height, and date of birth.

11
12
13
14
15
16

69.     Mr. Nelson does not know how Defendants obtained his name and personal information.  On information and belief, Defendants did not obtain permission from or through any of the sources from which it extracted Mr. Nelson's personal information.

17
18
19
20
21

70.     Further, while Mr. Nelson may have shared his personally identifiable information with other entities or with the government in other contexts, he did not consent to the commercial use of his personal information and identity to promote any subscriptions to Lexis Personal Records Products.

22
23
24
25
26

71.     Mr. Nelson has intellectual property and privacy interests in his name, likeness, and identity recognized by Illinois statutory and common law.  He has the right to exclude anyone from making commercial use of his identity without his permission.

27
28

72.     Mr. Nelson's personally identifiable information has commercial value. This commercial value is demonstrated by the exploitation of his personally identifiable information for advertisements by Defendants.

73.     Defendants have injured Mr. Nelson by taking his intellectual property without compensation; by invading his privacy rights protected by statute and common law; and by unlawfully profiting from its exploitation of his personal information.

74.     Defendants' illegal actions have caused Mr. Nelson mental injury and disturbed his peace of mind. Mr. Nelson believes his identity is rightly his to control. Defendants' illegal use has left him worried and uncertain about his inability to control how his name and identity is used.  Mr. Nelson feels that Defendants' use of his personal information is an invasion of his privacy.

## VI. CLASS ACTION ALLEGATIONS

75.     Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action pursuant to Federal Rule of Civil Procedure 23(b)(1), 23(b)(2), 23(b)(3), and where applicable, 23(c)(4), on behalf of the following Classes:

> **California Class:** All natural persons whose personally identifiable information was searched for, reviewed, and/or accessible in any free trial of LexisNexis Accurint, Public Records, Nexis Diligence, and/or Nexis Diligence+, and who resided in California at any time their personally identifiable information was accessible.

> **Illinois Class:** All natural persons whose personally identifiable information was searched for, reviewed, and/or accessible in any free

24

trial of LexisNexis Accurint, Public Records, Nexis Diligence, and/or Nexis Diligence+, and who resided in Illinois at any time their personally identifiable information was accessible.

76.     The Classes are collectively referred to herein as the "Class." Excluded from the Class are Defendants' officers, directors, and employees; any entity in which a Defendant has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendants. Also excluded from the Class are members of the judiciary to whom this case is assigned, their families, and members of their staff.

77.     Plaintiffs reserve the right to modify the Class definitions, including based on discovery and further investigation.

78.     The Class is so large as to make joinder impracticable. The number of Class members exceeds 50 million, and the disposition of their claims in a single action will provide substantial benefits to all parties and the Court. Class members are readily ascertainable from information and records in the possession, custody, or control of Defendants.

79.     Plaintiffs' claims are typical of the claims of the Class in that the sensitive personal information of the representative Plaintiffs, like that of all Class members, was impermissibly used to advertise Lexis Personal Records Products.

80.     Plaintiffs are members of the Class and will fairly and adequately represent and protect its interests. Plaintiffs' counsel are competent and experienced

in prosecuting class actions, including those relating to data privacy claims. Plaintiffs have no interest contrary to or in conflict with the interests of Class members.

81. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to the Class are:

   a. Whether Defendants engaged in the conduct alleged;

   b. Whether Defendants knowingly used Class members' personally identifiable information;

   c. Whether Defendants used Class members' personally identifiable information for a commercial purpose;

   d. Whether Defendants had Class members' consent to use their personally identifiable information as or in their advertisements;

   e. Whether Plaintiffs and Class Members are entitled to recover actual damages and/or statutory damages; and

   f. Whether Plaintiffs and Class Members are entitled to equitable relief, including injunctive relief.

82. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Absent a class action, most Class members would likely find the cost of litigating their claims prohibitively high and would have no effective remedy. Given the relatively small size of the individual Class members' claims, few, if any, Class members would seek redress for Defendants' violations

individually. Class treatment will conserve the resources of the courts and promote consistency and efficiency of adjudication.

83.    Class certification is also appropriate under Rules 23(b)(1), (b)(2), and/or (c)(4) because:

a.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for Defendants;

b.  The prosecution of separate actions by individual Class members would create a risk of adjudications that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests;

c.  Defendants have acted or refused to act on grounds generally applicable to the Class, making injunctive and corresponding declarative relief appropriate with respect to the Class as a whole; and

d.  The claims of Class members are comprised of common issues whose resolution in a class trial would materially advance this litigation.

## FIRST CLAIM FOR RELIEF
### Violation of California Right of Publicity Act, Cal. Civ. Code § 3344.
### (Against All Defendants)
### On Behalf of the California Class

84.     Plaintiff Megan Trama ("California Plaintiff," for purposes of this Claim), individually and on behalf of the California Class, repeats and alleges the foregoing allegations of fact.

85.     The California Right of Publicity Statute prohibits and provides damages for the knowing misappropriation of an individual's name, voice, signature, photograph, or likeness in advertising or soliciting without the individual's prior consent.  *See* Cal. Civ. Code § 3344(a).

86.     Defendants sold and sell subscription-based access to Lexis Personal Records Products containing detailed reports about people, with information sourced from the LexisNexis public records database.

87.     As described above, Defendants used and/or use the identities of the California Plaintiff and the California Class as advertisements for Lexis Personal Records Products by offering prospective customers access to a collection of records consisting of the personally identifiable information of the California Plaintiff and the California Class for the commercial purpose of promoting Lexis Personal Records Products and enticing prospective customers to purchase a subscription to one or more Lexis Personal Records Products.

88.     Further, upon information and belief, users have searched for and/or viewed or have otherwise had access to the personally identifiable information of the California Plaintiff and the California Class as part of Defendants' 7-day free trials.

89.     The California Plaintiff and the California Class never provided Defendants with their consent to use their identities as or in advertisements for Defendants' paid subscriptions to Lexis Personal Records Products.

90.     Defendants deprived the California Plaintiff and the California Class of control over whether and how their identities can be used for commercial purposes.

91.     By using their identities in advertisements to sell their services, Defendants derived economic value from the identities of the California Plaintiff and the California Class.

92.     Defendants did not compensate the California Plaintiff and the California Class for their use of their identities. This conduct resulted in injury to the California Plaintiff and the California Class.

93.     Each impermissible use of the personally identifiable information of the California Plaintiff or a member of the California Class is a separate and distinct violation that gives rise to damages.

94.     On behalf of the California Class, the California Plaintiff seeks the maximum amount of statutory damages available—$750 per violation—pursuant to the California Right of Publicity Act for each of the California Plaintiff and the California Class identities that were impermissibly searched for, reviewed, and/or

accessible in one or more Lexis Personal Records Products free trials. Cal. Civ. Code § 3344(a).

## SECOND CLAIM FOR RELIEF
### Violation of Illinois Right of Publicity Act, 765 ILCS 1075/1.
### (Against All Defendants)
### On Behalf of the Illinois Class

95.    Plaintiffs Matthew Hartz, Rafael Robles, and Evan Nelson ("Illinois Plaintiffs," for purposes of this Claim), individually and on behalf of the Illinois Class, repeat and allege the foregoing allegations of fact.

96.    The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1.

97.    Defendants sold and sell subscription-based access to Lexis Personal Records Products containing detailed reports about people, with information sourced from the LexisNexis public records database.

98.    As described above, Defendants used and/or use the identities of the Illinois Plaintiffs and the Illinois Class as advertisements for Lexis Personal Records Products by offering prospective customers access to a collection of records consisting of the personally identifiable information of the Illinois Plaintiffs and the Illinois Class for the commercial purpose of promoting Lexis Personal Records Products and enticing prospective customers to purchase a subscription to one or more Lexis Personal Records Products.

99.   Further, upon information and belief, users have searched for and/or viewed or have otherwise had access to the personally identifiable information of the Illinois Plaintiffs and the Illinois Class as part of Defendants' 7-day free trials.

100.   The Illinois Plaintiffs and the Illinois Class never provided Defendants with their consent to use their identities as or in advertisements for Defendants' paid subscriptions to Lexis Personal Records Products.

101.   Defendants deprived the Illinois Plaintiffs and the Illinois Class of control over whether and how their identities can be used for commercial purposes.

102.   By using their identities in advertisements to sell their services, Defendants derived economic value from the identities of the Illinois Plaintiffs and the Illinois Class.

103.   Defendants did not compensate the Illinois Plaintiffs and the Illinois Class for their use of their identities. This conduct resulted in injury to the Illinois Plaintiffs and the Illinois Class.

104.   Each impermissible use of the personally identifiable information of the Illinois Plaintiffs or a member of the Illinois Class is a separate and distinct violation that gives rise to damages.

105.   On behalf of the Illinois Class, the Illinois Plaintiffs seek the maximum amount of statutory damages available—$1,000 per violation—pursuant to the Illinois Right of Publicity Act for each of the Illinois Plaintiffs and the Illinois Class

identities that were impermissibly searched for, reviewed, and/or accessible in one or more Lexis Personal Records Products free-trial. 765 ILCS 1075/40.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for judgment, as follows:

A.    Determine that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiffs' counsel as Class Counsel;

B.    Enter judgment for Plaintiffs and the Class;

C.    Award Plaintiffs and Class members actual damages, compensatory damages, punitive damages, statutory damages, and statutory penalties, in an amount to be proven at trial;

D.    Order appropriate injunctive relief;

E.    Award pre- and post-judgment interest according to law;

F.    Award reasonable attorneys' fees, costs and expenses incurrent in this action, including expert fees; and

G.    Award such further and other relief as may be just and proper.

## **JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated:  April 17, 2024

Respectfully submitted,

By:      /s/ *Krysta Kauble Pachman*
              Krysta Kauble Pachman

Krysta Kauble Pachman (280951)
kpachman@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Shawn J. Rabin (*pro hac vice forthcoming*)
srabin@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, New York 10001
Telephone: (212) 336-8830

Alejandra C. Salinas (*pro hac vice forthcoming*)
asalinas@susmangodfrey.com
Savannah Ezelle (*pro hac vice forthcoming*)
sezelle@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366

Don Bivens (*pro hac vice forthcoming*)
don@donbivens.com
Teresita T. Mercado (*pro hac vice forthcoming*)
teresita@donbivens.com
**DON BIVENS, PLLC**
15169 N. Scottsdale Rd., Suite 205
Scottsdale, Arizona 85254
Telephone: (602) 708-1450

*Attorneys for Plaintiffs*
MEGAN TRAMA, MATTHEW HARTZ,
RAFAEL ROBLES, and EVAN NELSON