1  KRYSTA KAUBLE PACHMAN (280951)
   kpachman@susmangodfrey.com
2  **SUSMAN GODFREY L.L.P.**
   1900 Avenue of the Stars, Suite 1400
3  Los Angeles, California 90067-6029
   Telephone: (310) 789-3100
4
   SHAWN J. RABIN (*pro hac vice*)
5  srabin@susmangodfrey.com
   **SUSMAN GODFREY L.L.P.**
6  One Manhattan West, 50th Floor
   New York, New York 10001
7  Telephone: (212) 336-8830

8  *(Additional counsel on signature page)*

9  Attorneys for Plaintiffs
   MEGAN TRAMA, MATTHEW HARTZ, and
10 RAFAEL ROBLES

11                **UNITED STATES DISTRICT COURT**

12               **CENTRAL DISTRICT OF CALIFORNIA**

13                       **WESTERN DIVISION**

14

15 MEGAN TRAMA, MATTHEW            Case No. 2:24-cv-03174-DSF-E
   HARTZ, and RAFAEL ROBLES on
16 behalf of themselves and all others    Hon. Charles F. Eick
   similarly situated,
17
             Plaintiffs,            **[PROPOSED] STIPULATED
18 v.                               ORDER RE: DISCOVERY OF
                                    ELECTRONICALLY STORED
19 RELX PLC, RELX GROUP PLC,        INFORMATION**
   RELX (HOLDINGS) LIMITED, RELX
20 OVERSEAS HOLDINGS LIMITED,
   RELX INC.
21           Defendants.

22

23

24

25

26

27

28

                                   1

## I. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Local Rules, this Court's Standing Order on Discovery Disputes, and any other applicable orders and rules. Nothing in this order is intended to alter or affect any party's rights or obligations under any order by the assigned District Judge, but shall be construed instead, wherever possible, as consistent with any order by the assigned District Judge.

## II. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Standing Order on Discovery Disputes, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

## III. ESI PERSON(S) MOST KNOWLEDGEABLE

The parties have identified ESI Person(s) Most Knowledgeable ("ESI PMK") to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each ESI PMK will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the ESI PMK, as needed, to confer about ESI and to help resolve disputes without court intervention.

## IV. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

    A.    ESI created or received at least after January 1, 2017 will be preserved;[1]

---

[1] The parties reserve the right to extend the preservation time period upon written agreement.

B.    The parties have exchanged a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

C.    The parties will agree on the number of custodians per party for whom ESI will be preserved.

D.    The parties agree that there may be sources of information from which collection and/or preservation is not reasonable or proportional. The parties agree to meet and confer to discuss production from such sources.

## V.    SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

## VI.    PRODUCTION FORMATS

The parties agree to produce documents in ☒☐ PDF, ☒☐ TIFF, ☒☐ native and/or ☒☐ paper, or a combination thereof file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

The parties further agree to adopt the ESI Production Protocol attached hereto as Exhibit A, which provides additional production format specifications.

## VIII.    DOCUMENTS PROTECTED FROM DISCOVERY

A.    Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Nothing contained herein, however, is intended to limit a party's right

3

to conduct a review of ESI for relevance, responsiveness and/or privilege or other protection from discovery.

B.     The parties have agreed to a process for producing privilege logs as described in Exhibit A hereto.  The process for handling the production of privilege or otherwise protected materials is addressed in the Protective Order entered in this matter.

C.     Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.  Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**IX.    MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.


**IT IS SO STIPULATED**, through Counsel of Record.

Dated:  January 16, 2025          SUSMAN GODFREY LLP


                                              By:     /s/ *Krysta Kauble Pachman*
                                                        Krysta Kauble Pachman

                                              Attorney for Plaintiffs
                                              MEGAN TRAMA, MATTHEW HARTZ, and
                                              RAFAEL ROBLES



Dated:  January 16, 2025          WINSTON & STRAWN LLP


                                              By:     /s/ *Kevin P. Simpson*
                                                        Kevin P. Simpson

                                              Attorney for Defendants
                                              RELX PLC, RELX GROUP PLC, RELX
                                              (HOLDINGS) LIMITED, RELX OVERSEAS
                                              HOLDINGS LIMITED, and RELX INC.

1

2    **IT IS ORDERED** that the forgoing Agreement is approved.

3

4

5    Dated:  1/17/25

6                                             HONORABLE CHARLES F. EICK

7                                             United States Magistrate Judge

8

9

10

11                                **ATTESTATION**

12        I hereby certify all signatories listed, and on whose behalf this filing is

13    submitted, concur in the filing's content and have authorized the filing.

14

15    Dated: January 16, 2025                    /s/  *Krysta Kauble Pachman*
                                                  Krysta Kauble Pachman
16

17

18

19

20

21

22

23

24

25

26

27

28