# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN TRAMA, MATTHEW HARTZ, and RAFAEL ROBLES, on behalf of themselves and all others similarly situated, <br><br>　　　　Plaintiffs, <br><br>　　　　v. <br><br> RELX PLC, RELX GROUP PLC, RELX (HOLDINGS) LIMITED, RELX OVERSEAS HOLDINGS LIMITED, and RELX INC., <br><br>　　　　Defendants. | No. 2:24-cv-03174-DSF-E <br><br> Order GRANTING in part and DENYING in part Defendant RELX Inc.'s Motion to Dismiss (Dkt. 51) |

　　　　Defendant RELX Inc. moves to dismiss for lack of personal jurisdiction and failure to state a claim.  Dkt. 51 (Mot.).[1]  Plaintiffs Megan Trama, Matthew Hartz, and Rafael Robles oppose.  Dkt. 57 (Opp'n).  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons stated below, the motion is GRANTED in part and DENIED in part.

---

[1] The Court previously dismissed the second amended complaint for lack of personal jurisdiction without prejudice and without leave to amend as to Defendants RELX PLC, RELX Group PLC, RELX (Holdings) Limited, and RELX Overseas Holdings Limited.  Dkt. 78.

## I. Background

Plaintiffs brought this putative class action alleging RELX "collects, indexes, and sells the personally identifiable information of millions of Americans" through the sale of certain subscription-based services, including Nexis Diligence and Nexis Diligence+ (Lexis Personal Records Products). Dkt. 38 (SAC) ¶ 1. Plaintiffs allege RELX has a practice of "provid[ing] anyone who signs up for [a] 7-day free trial [of the Lexis Personal Records Products] unfettered access to search and review . . . [a] vast database of . . . personally identifiable information that [it] maintain[s] on millions of Americans" without authorization. Id. ¶ 2. Plaintiffs allege that, by offering these free trials, RELX uses their personal information to advertise the Lexis Personal Records Products in violation of the California Right of Publicity Act, Cal. Civ. Code § 3344, and the Illinois Right of Publicity Act, 765 Ill. Comp. Stat. 1075/1. Id. ¶¶ 3, 82, 93.

## II. Legal Standard

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Produce Pay, Inc. v. Izguerra Produce, Inc., 39 F.4th 1158, 1161 (9th Cir. 2022); and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 557).

A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). "Dismissal under Rule 12(b)(6) is proper when the complaint . . . fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

"Normally, when a viable case may be pled, a district court should freely grant leave to amend." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011).  Leave to amend should be granted even if the plaintiff did not request leave, unless it is clear that the complaint cannot be cured by the allegation of different or additional facts.  Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  "Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment." Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

## III. Discussion

### A.   The California Right of Publicity Act Claim

Under California common law, a right of publicity claim has four elements: "(1) the defendant's use of the plaintiff's identity; (2) the

3

appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." Cross v. Facebook, Inc., 14 Cal. App. 5th 190, 208 (2017). To state a claim under the California Right of Publicity Act (CRPA), a plaintiff must allege the four elements of the common law cause of action, as well as (5) "a knowing use by the defendant"; and (6) "a direct connection between the alleged use and the commercial purpose." Id. (quoting Orthopedic Sys., Inc. v. Schlein, 202 Cal. App. 4th 529, 544 (2011)).

RELX argues that Plaintiff Trama fails to allege "a direct connection between the alleged use and the commercial purpose[,]" id., because that "element requires that a plaintiff's name or likeness be used in an advertisement for a *separate* product." Mot. at 5 (citing Camacho v. Control Grp. Media Co., LLC, No. 3:21-cv-01954-MMA-MDD, 2022 WL 3093306, at *25 (S.D. Cal. July 18, 2022)). According to RELX, Trama cannot satisfy the "commercial purpose" element of her CRPA claim because the alleged free trials are "indistinguishable" from a paid subscription to the products she alleges they promote. Id. at 7.

Trama argues that the "commercial purpose" element has no "separate product" requirement. Opp'n at 5. In the alternative, she argues that the free trials are in fact a separate product from the subscriptions they advertise because "[u]nlike the paid subscriptions to the Personal Records Products, the [f]ree [t]rials are limited to only seven days, meaning that [f]ree [t]rial users lack the full functionality enjoyed by [paid] subscribers." Id. at 9.

The question of whether a valid right of publicity claim *always* requires that the plaintiff's name or likeness was used to promote a separate product is far from settled, and California district courts have split on the issue. Compare Brooks v. Thomson Reuters Corp., No. 3:21-cv-01418-EMC, 2021 WL 3621837, at *4 (N.D. Cal. Aug. 16, 2021) (dismissing CRPA claim where the plaintiffs had alleged that "the product [*was*] their name, likeness, and personal information" because they failed to allege a "misappropriation of their name or likeness to advertise or promote a *separate* product or service" and had "not cite[d]

4

a single right of publicity case with analogous facts"), and <u>Camacho</u>, 2022 WL 3093306, at *25 (quoting <u>Gionfriddo v. Major League Baseball</u>, 94 Cal. App. 4th 400, 413 (2001)) (explaining that "[a] review of the cases finding that commercial speech violates the right of publicity strongly suggests that advertisements are actionable when the plaintiff's identity is used, without consent, to promote an *unrelated* product"), with <u>Spindler v. Seamless Contacts, Inc.</u>, No. 4:22-cv-00787-KAW, 2022 WL 16985678, at *5 (N.D. Cal. Oct. 24, 2022) (denying motion to dismiss CRPA claim because "the fact that the contact information [was] the product being sold—rather than a separate product—[did] not necessarily mean" that the plaintiff had no valid right of publicity claim, and the defendant had "provide[d] no legal authority that the information must always be used to advertise a separate product").

Still, "[v]irtually all right of publicity cases involve the use of a person's name or likeness to advertise a separate product or service." <u>Brooks</u>, 2021 WL 3621837 at *4 (collecting cases). Although some courts have found that the use of a plaintiff's identity in a free version of a product to promote the paid version of that same product can be sufficient to allege a right of publicity violation under California law, in each of those cases the free version provided users with only limited access to the product it was allegedly promoting. See <u>Kis v. Cognism Inc.</u>, No. 3:22-cv-05322-AMO, 2024 WL 3924553, at *5 (N.D. Cal. Aug. 23, 2024) (finding that CRPA claim was sufficiently alleged where free trial of defendant's searchable database "offer[ed] potential subscribers limited information and profile downloads and thus [was] distinct from the platform itself"); <u>Spindler</u>, 2022 WL 16985678, at *1 (finding that CRPA claim was sufficiently alleged where free trial of defendant's people-search website "allow[ed] trial users to search for, view, and download a limited number of profiles" after which trial users would have to purchase one of defendant's three paid subscription plan options, which offered 250 individual profile views per month; 1,000 individual profile views per day; or a custom negotiated arrangement); <u>Camacho</u>, 2022 WL 3093306, at *26 (finding that commercial purpose element was sufficiently alleged where defendant offered free "teaser"

5

profiles that "intentionally with[held] information about the searched-for person with the purpose of attracting a user to subscribe to" defendant's service to gain access to unlimited reports and the free "teaser [was] not the full profile"); Kellman v. Spokeo, Inc., 599 F. Supp. 3d 877, 892, 894-95 (N.D. Cal. 2022) (finding that commercial purpose element was sufficiently alleged where defendant's website displayed "teaser" profiles of individuals, which had "certain information withheld with the purpose of inducing potential users into subscribing" to defendant's service to gain access to the full profile). And in many of those cases, the plaintiff's name or likeness was displayed alongside language stating that the user could gain access to additional information about the plaintiff by purchasing a subscription to the defendant's product. See, e.g., Kellman, 599 F. Supp. 3d at 884 ("Spokeo advertises its website by displaying 'teaser profiles' of individuals that can include 'names; ages; current and past cities of residence; partially redacted addresses, emails, and phone numbers; and other personal information' and sometimes photographs. The 'teaser' then states that Spokeo 'possesses additional information'" and "that a user will receive access to the 'full profile' of the individual if they purchase a subscription (for $24.95 per month).")

The Court finds the facts here to be distinguishable on these key points. First, Trama alleges that the 7-day free trials provide access to the "entire database of personally identifiable records" available to paid subscribers and that, once a person signs up for a free trial of any Lexis Personal Records Product, they are "provided with access to all records that are accessible through a paid subscription" to that product. SAC ¶¶ 34, 39. Second, Trama alleges that "[t]he LexisNexis websites contain advertisements that invite prospective customers to sign up for a 7-day free trial[,]" but does not allege any of those advertisements display her name or likeness. Id. ¶¶ 34-35. Rather, it is only after a person signs up for a free trial of a Lexis Personal Records Product that the "prospective customer can access, search, and/or review all the sensitive and personally identifiable information that is available to a subscriber of that Lexis Personal Records Product." Id. ¶ 35. And although Trama alleges that RELX sends free trial users a variety of

content in an effort to encourage them to purchase a paid subscription, Trama does not allege that any of those advertisements display her name or likeness. Id. ¶¶ 40-41. Finally, the Court is not persuaded by Trama's argument that "the [f]ree [t]rials are different from the Personal Records Products subscriptions because they are time limited." Opp'n at 9. Although the free trials offer a user access for a limited time only, the same can be said of a paid subscription, which offers a user access only for as long as that user is willing to pay the subscription fee.

Because the alleged free trials are indistinguishable from the paid subscriptions, the Court finds Trama fails to allege the commercial purpose element of her CRPA claim. The claim is dismissed.[2]

## B. The Illinois Right of Publicity Act

RELX argues the Court lacks personal jurisdiction as to Hartz and Robles' Illinois Right of Publicity Act (IRPA) claim.

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis." Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994). "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." Id. "Second, the exercise of jurisdiction must comport with federal due process." Id. at 1404-05. The Due Process Clause permits the exercise of personal jurisdiction if the defendant has sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." LNS Enters. LLC v. Cont'l Motors, Inc., 22 F.4th 852, 858 (9th Cir. 2022) (quoting Walden v. Fiore, 571 U.S. 277, 283 (2014)). Because California's long-arm statute reaches as far as due process allows, see Cal. Civ. Proc.

---

[2] RELX also argues that Trama has failed to state a CRPA claim because "she has not alleged facts plausibly showing that [RELX's] use of her identity was more than incidental . . . ." Mot. at 7. Having concluded on other grounds that Trama failed to plead an essential element of her CRPA claim, the Court need not decide the issue of incidental use.

Code § 410.10, the Court need only consider whether the exercise of jurisdiction comports with due process.  Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (per curiam).

Personal jurisdiction may be either general or specific. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8 & 9 (1984).  A court may exercise general jurisdiction "only when a defendant is 'essentially at home' in the State." Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 592 U.S. 351, 358 (2021) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).  Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." Id. at 359.

The Court lacks general jurisdiction over RELX because it is incorporated and has its principal place of business outside California. Mot. at 10-11; SAC ¶ 11.  The question then is whether the Court can exercise specific personal jurisdiction over RELX with respect to the IRPA claim brought by Hartz and Robles (the Illinois Plaintiffs).

Most federal courts, including the Ninth Circuit, apply a three-part test to determine whether specific jurisdiction can be established over a non-resident defendant: (1) The defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one that arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.  See Morrill v. Scott Fin. Corp., 873 F.3d 1136, 1142 (9th Cir. 2017); Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1068 (9th Cir. 2017).

RELX argues the Court lacks personal jurisdiction over the IRPA claim because Plaintiffs fail to plead facts showing the requisite connection between the Illinois Plaintiffs' claims under Illinois law and any acts by RELX in the forum state of California.  Mot. at 12-13.  In opposition, Plaintiffs argue they have sufficiently alleged a nexus

8

between the IRPA claim and RELX's forum-related contacts, pointing to their allegations that (1) all free trial users, including those in California, have access to the Illinois Plaintiffs' personally identifiable information; and (2) RELX owns or operates offices in California. Opp'n at 23; SAC ¶¶ 15, 55, 64.[3]  The Court finds these jurisdictional allegations insufficient to establish specific personal jurisdiction as to the IRPA claim.

In the alternative, Plaintiffs argue they should be granted leave to conduct jurisdictional discovery because it may reveal facts sufficient to establish specific personal jurisdiction, such as (1) the number of free trial users located in California; (2) the extent to which RELX targeted California for its free trials; (3) the physical locations of servers, IT personnel, designers, or other technology or personnel involved in the maintenance of the Lexis Personal Records Products; and (4) whether the profiles of the Illinois Plaintiffs were responsive to searches conducted in California.  Opp'n at 23-24.  The Court agrees.

Because "a more satisfactory showing of the facts is necessary" to establish specific personal jurisdiction and "pertinent facts bearing on the question of jurisdiction" remain in question, the Court grants Plaintiffs' request for leave to conduct limited jurisdictional discovery. See LNS Enterprises, 22 F.4th at 864.  In the event of any disputes related to jurisdictional discovery, the parties are directed to raise those issues before the magistrate judge assigned to this case.[4]

---

[3] Having dismissed Trama's CRPA claim for failure to state a claim, the Court need not consider the parties' arguments regarding the applicability of the United States Supreme Court decision in Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty., 582 U.S. 255, 258 (2017).

[4] Because the question of personal jurisdiction remains open as to the IRPA claim, the Court does not address RELX's argument that Hartz and Robles fail to state an IRPA claim.

## IV. Conclusion

For the foregoing reasons, Defendant RELX Inc.'s Motion to Dismiss is GRANTED in part and DENIED in part and Plaintiffs' request for leave to conduct jurisdictional discovery is GRANTED. The Court does not grant leave to add new defendants or new claims. Leave to add new defendants or new claims must be sought by a separate, properly noticed motion. Plaintiffs must submit a redlined version of any amended complaint to the chambers email. The parties should meet and confer no later than April 18, 2025 and propose deadlines for jurisdictional discovery and the filing of an amended complaint.

IT IS SO ORDERED.

Date: April 4, 2025  _____
Dale S. Fischer
United States District Judge