UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN TRAMA, MATTHEW HARTZ, and RAFAEL ROBLES on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br> v.<br>RELX INC.,<br>    Defendant. | Case No. 2:24-cv-3174-DSF (Ex)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiffs Matthew Hartz and Rafael Robles and Defendant RELX Inc. have reached a settlement in the above-captioned putative class action that is set forth in the Parties' settlement agreement filed with the Court. *See* Dkt. 90, Ex. 1. Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Having reviewed the Motion, the settlement agreement, and the applicable law, the Court has determined that the Motion should be GRANTED. The Court further FINDS and ORDERS as follows:

**Background**

1. In their Second Amended Complaint, Plaintiffs Megan Trama (a California resident), Matthew Hartz (an Illinois resident), and Rafael Robles (an Illinois resident), on behalf of themselves and all others similarly situated, alleged

1

that RELX, Inc. violated the California and Illinois Right of Publicity Acts, *see* Cal. Civ. Code § 3344; 765 ILCS 1075/1, *et seq.*, by using their personally identifiable information (PII) without their consent in free trials for Nexis Diligence and Nexis Diligence+, subscription-based platforms through which subscribers can access background-check-style reports on individuals. Dkt 38.

2.  In April 2025, the Court granted in part RELX's motion to dismiss for failure to state a claim and for lack of personal jurisdiction. Dkt. 79. The Court dismissed with prejudice the claim brought by Trama under California law, holding that Trama "fail[ed] to allege the commercial purpose element" under the California Right of Publicity Act "[b]ecause the alleged free trials are indistinguishable from the paid subscriptions." *Id.* at 7. As to the Illinois claims, the Court held that Hartz and Robles had failed to allege sufficient facts to establish personal jurisdiction over RELX. However, rather than dismiss these claims, the Court granted Hartz and Robles' request for jurisdictional discovery. *Id.* at 9.

3.  After the Court entered this order, the Parties' counsel engaged in arms'-length settlement negotiations and reached the agreement that they now ask this Court to preliminarily approve. The agreement provides injunctive relief to the "Settlement Class," which is restricted to Illinois residents and is defined to include "all natural persons whose PII was searched for, reviewed, and/or accessible in any free trial of Nexis Diligence and/or Nexis Diligence+, and who resided in Illinois at any time their personally identifiable information was accessible." Dkt. 90, Ex. 1 ¶ 13.

4.  The Parties agreed to the following injunctive relief for the Settlement Class: "RELX will not display, make accessible, or otherwise use the PII of any Settlement Class Member on or in connection with any Lexis Free Trials." *Id.* ¶ 26. RELX is required to maintain these changes "in perpetuity or (b) until a United States Court of Appeals, the United States Supreme Court, the Appellate Court of Illinois, or the Illinois Supreme Court rules as a matter of law that displaying a person's PII as

part of a free trial offered to market the product being trialed does not violate the Illinois Right of Publicity Act (765 ILCS 1075)." *Id.*

5. The agreement does not provide any monetary relief to the Settlement Class. However, the release of liability in the settlement agreement is limited to claims for injunctive relief by the absent Settlement Class members: the agreement does not release "any claims for damages that they may pursue on an individual basis," although Hartz and Robles, have agreed to release all of their claims, including claims for damages. *Id.* ¶ 25.

6. Finally, the settlement agreement provides that counsel for Plaintiffs Hartz and Robles may move for (i) an award of attorneys' fees and costs not to exceed $492,500 and (ii) incentive awards not to exceed $2,500 for each of Hartz and Robles. *Id.* ¶ 27. The agreement also provides that "the procedure for and the allowance or disallowance by the Court of the application by Settlement Class Counsel for attorneys' fees, costs and expenses, and incentive awards for Plaintiff Class Representatives are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement." *Id.* ¶ 28.

**Class Certification for Settlement**

7. It is ordered that the Settlement Class is conditionally certified for settlement purposes only. "Parties seeking class certification must satisfy each of the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—and at least one of the requirements of Rule 23(b)." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 (9th Cir. 2017); *see* Fed. R. Civ. P. 23(a), (b).

8. First, the Court finds that the class members are so numerous as to make joinder impracticable. The number of class members clearly exceeds forty. *See Ahlman v. Barnes*, 445 F. Supp. 3d 671, 684 (C.D. Cal. 2020).

9. Second, the Court finds that there are questions of law and fact common to the class members. Federal courts in Illinois have reached the same

conclusion for similar claims brought under the Illinois Right of Publicity Act. *See, e.g.*, *Fischer v. Instant Checkmate LLC*, No. 19 C 4892, 2022 WL 971479, at *7 (N.D. Ill. Mar. 31, 2022).

10. Third, the Court finds that the claims of the named class representatives, Hartz and Robles, are typical of the claims of the absent class members. *See Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) ("The test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" (citation omitted)). Hartz and Robles suffered the same injury arising from the same course of conduct as the other Settlement Class members, making their claims typical of the class.

11. Fourth, the Court finds that Hartz and Robles and proposed class counsel have adequately represented and protected the interests of all class members. *Franklin v. Midwest Recovery Sys., LLC*, No. 8:18-cv-02085-SB (DFMx), 2021 WL 1035121, at *3 (C.D. Cal. Feb. 5, 2021) ("Representation is adequate if (1) the named plaintiffs and their counsel are able to prosecute the action vigorously and (2) the named plaintiffs do not have conflicting interests with the unnamed class members; and (3) the attorney representing the class is qualified and competent."). They have vigorously prosecuted this action and do not have any conflicts of interest. Class counsel is also qualified and competent considering their extensive experience litigating class actions, including privacy-related class actions. *See* Dkt. 90, Ex. 2 (Pachman Decl.).

12. Finally, the Court finds that Hartz and Robles have satisfied the requirements for certification of a class under Rule 23(b)(2), which provides that a class may be certified if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed.

R. Civ. P. 23(b)(2). "It is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). Here, Plaintiffs Hartz and Robles allege that RELX has acted on grounds that apply generally to the Settlement Class and have sought injunctive relief to remedy RELX's violations of the Illinois Right of Publicity Act.

**Preliminary Approval of Settlement**

13. The Court preliminarily finds that the settlement agreement is fair, reasonable, and adequate and thus preliminarily approves the settlement agreement. The Court has considered all the relevant factors in making this determination, including those listed under Federal Rule of Civil Procedure 23(e)(2). In particular, the Court finds that the settlement agreement is the product of arms'-length negotiations between experienced counsel, provides exceptional injunctive relief to the Settlement Class and does not release absent class members' claims for damages, adequately takes into account the risks and expenses that would be incurred if Hartz and Robles proceeded with the litigation, and treats all class members equitably relative to one another.

14. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the fairness and reasonableness of the terms to which the Parties have agreed.

**No Notice Required**

15. The Court agrees with the Parties that no notice of this settlement is required because the settlement involves injunctive relief under Rule 23(b)(2) and does not release any absent Settlement Class Members' claims for monetary relief. *See Nelkin v. Kroto Inc.*, No. 2:23-CV-08241-KK-MAA, 2025 WL 973932, at *3 (C.D. Cal. Mar. 31, 2025) ("Because the Agreement releases only the rights of the Settlement Class to seek injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2) and requires no release of any monetary remedies or statutory damages by Settlement

Class Members, notice to Settlement Class Members and opt-out rights are not necessary.").

16. Likewise, given the injunctive nature of the settlement, there is no right for the members of the Settlement Class to opt out or otherwise exclude themselves from the settlement agreement. All members of the Settlement Class will be bound by the settlement agreement and the Final Approval Order, including the releases, if the settlement is finally approved by this Court.

**Appointment of Class Counsel**

17. Having already determined that counsel for Plaintiffs Hartz and Robles is adequate and fully qualified, the Court appoints, for purposes of this settlement, Shawn J. Rabin, Krysta K. Pachman, and Alejandra Salinas of Susman Godfrey, L.L.P., and Don Bivens of Don Bivens, PLLC, as Class Counsel for the Settlement Class. *See* Fed. R. Civ. P. 23(g); *Hamilton v. Knight Transp. Inc.*, No. 5:21-CV-01859-MEMF-SP, 2025 WL 1576803, at *6 (C.D. Cal. June 3, 2025) (merging adequacy inquiry under Rule 23(a)(4) with appointment inquiry under Rule 23(g) and stating that "the Court finds adequacy of representation satisfied both under Rule 23(a)(4) as well as Rule 23(g)(1) and (4)").

**The Final Approval Hearing**

18. The Court will hold a Final Approval Hearing on **Monday, March 2, 2026, at 1:30 p.m.**, at the First Street Courthouse, 350 West 1st Street, Courtroom 7D, Los Angeles, California 90012. At the hearing, the Court will: (1) determine whether the settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (2) rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses and for incentive awards for Hartz and Robles; and (3) resolve any other matters relating to the settlement. The following deadlines shall apply before the Final Approval Hearing:

    a. Within **ten days** after entry of this Order, RELX must comply with the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715.

  b. Within **sixty days** after entry of this Order, Plaintiffs Hartz and Robles must file their Motion for Final Approval of Class Action Settlement and any Fee Application.

  c. Within **thirty-five** days after Plaintiffs Hartz and Robles file their Motion for Final Approval and their Fee Application, any objections by members of the Settlement Class to the settlement or Fee Application must be filed.

19. Class Counsel's Fee Application will be considered separately from the fairness, reasonableness, and adequacy of the settlement. Any appeal from any order relating to the Fee Application, or any reversal or modification of any such order, shall not operate to terminate or cancel the settlement or to affect or delay the finality of the judgment approving the settlement.

**IT IS SO ORDERED.**

Dated: November 19, 2025

_____
Dale S. Fischer
United States District Judge